IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
Las Cruces, New Mexico

OCT 18 2004

CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) NO. CR. 04-756 BB<br>JESUS MANUEL RODRIGUEZ-MACIAS, )<br>)<br>Defendant. ) | |

## FINDINGS AND ORDER FOR FORCED MEDICATION TO COMPETENCY

This matter came before the Court by stipulation of the parties that the defendant refuses to take psychotropic medication to restore his competency to stand trial. The Court took testimony and heard the arguments of counsel on Friday, October 15, 2004. Having made findings orally from the bench, the Court now summarizes those findings in this Order:

1. The defendant is currently suffering from a psychotic mental illness which renders him incompetent to stand trial. The defendant is unable to understand the nature and consequences of the proceedings against him and to properly assist in his defense. The defendant does not have a full factual and rational understanding of the charges against him; he has only a partial factual understanding.

2. The defendant does not have sufficient ability to consult with his attorney with a reasonable degree of rational understanding.

1



3. At this point in time, the Court is unable to say that the defendant poses a present significant danger to himself or others that would justify the forced administration of anti-psychotic drugs. If released into the community, however, Defendant would pose a danger to others given his prior history with firearms.

4. An important governmental interest exists in bringing the defendant to trial for a serious felony offense:

   a. The defendant is currently charged with a serious felony charge – Reentry of Deported Alien in violation of 8 U.S.C. § 1326(a)(1) and (2). The defendant may have a prior felony conviction, thereby subjecting him to a ten year maximum prison term pursuant to 8 U.S.C. § 1326(a)(1) and (2) and (b)(1).

   b. The defendant has an extensive arrest record dating back to 1979 according to the Court's Pretrial Services Report which includes: an arrest and possible conviction of the felony offense of carrying a concealed firearm in a public place in 1979; an arrest for transporting illegal aliens and illegal alien in possession of a firearm in 1980; an arrest for possession of a firearm with altered identification in 1985; an arrest for carrying a loaded firearm in a public place in 1986; a second arrest for carrying a loaded firearm in a public place in 1986; an arrest for receiving known stolen property in 1988; an arrest and felony conviction for carrying a concealed weapon on person in 1988; an arrest for driving under

the influence of alcohol in 1996 in which the defendant failed to appear for a court hearing; and an arrest and conviction for disorderly conduct in 2001. The defendant also has a prior deportation on March 27, 2003.

4. Defendant refuses to take anti-psychotic medications which are substantially likely to render him competent to proceed to trial but that would not interfere substantially with his ability to assist his attorney in conducting a defense.

5. The involuntary administration of the anti-psychotic medication is necessary to significantly further the important governmental interests identified above.

6. Alternative, less intrusive treatments are unlikely to achieve substantially the same results. Less intrusive means for persuading Defendant to take the medication voluntarily will not be effective.

7. Administration of antipsychotic drugs is medically appropriate, i. e., it is in the patient's best medical interest in light of his medical condition.

Wherefore,

**IT IS HEREBY ORDERED** that the defendant shall be forcibly medicated towards competency under the supervision and direction of Abraham Fiszbein, M.D. for a period of not less than six (6) weeks pursuant to United States v. Sell, 539 U.S. 166 (2003). Dr. Fiszbein shall update the Court periodically as directed on the defendant's progress.

KAREN B. MOLZEN
U. S. MAGISTRATE JUDGE